19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNDER SEAL, Plaintiff-Appellant,
v.
UNDER SEAL, Defendant-Appellee.
 No. 92-1638.
 United States Court of Appeals, Fourth Circuit.
 Argued March 3, 1993.
Decided March 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-92-481-A)
 John Michael Bredehoft, Charlson & Bredehoft, P.C., Fairfax, VA, for appellant.
 James Severson, McCutchen, Doyle, Brown & Enersen, San Francisco, CA, for appellee.
 Elaine C. Bredehoft, Charlson & Bredehoft, P.C., Fairfax, VA, for appellant.
 Stephen W. Robinson, McGuire, Woods, Battle & Boothe, Washington, D.C., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In a case which we have concluded has justified sealing of the record and this opinion, a corporation here called X Corp. terminated one of its in-house counsel (John Doe) while he was working in Virginia for the corporation. He was an at-will employee who removed copies of about 4300 sheets of documents belonging to X Corp. and relevant to its affairs. John Doe's Confidentiality Agreement with X Corp., signed upon his hiring, required return of all records coming into his possession or kept by him upon termination of his employment.
 
 
 2
 In Virginia, the usual rule generally applies allowing immediate termination of at-will employment by either party (employer or employee). Bowman v. State Bank of Keysville, 331 S.E.2d 797, 801 (Va.1985). There is, however, an exception for a violation of "established public policy." Id. Essentially, John Doe had sought to establish such a violation of public policy by alleging that X Corp. sold to the United States government products as "new" when they included some recycled (i.e., used) items, and, in addition, violated the United States government's requirements for pricing by government contractors.[1] John Doe thereby contested his termination by X Corp.
 
 
 3
 Seeking to rely on the exception, John Doe, after X Corp. brought suit to obtain adherence to the Confidentiality Agreement and after his initiating a qui tam action on the behalf of the United States,[2] sued X Corp. for wrongful discharge.
 
 
 4
 The district judge, accepting as true John Doe's allegations, nevertheless dismissed under FRCP Rule 12(b)(6), finding that Virginia caselaw and its Code of Professional Responsibility provided a client with an absolute right to discharge its attorney. In other words, Judge Cacheris held that the "established public policy" exception did not apply to the termination of attorneys.
 
 
 5
 Having the benefit of our conclusion in Under Seal v. Under Seal, No. 93-1495 (4th Cir. Feb. 23, 1994), we find that we need not decide whether or not Virginia's public policy exception to at-will termination applies to attorneys. Rather, we affirm the district court on the ground that, even assuming that the "established public policy exception" does pertain to counsel, we find that John Doe has not met his burden of stating a claim on which relief can be granted.
 
 
 6
 As our affirmance of Judge Ellis' opinion in X Corp. v. Doe, 805 F.Supp. 1298 (E.D. Va.1992), makes clear, no reasonable attorney would believe that the information available to John Doe clearly established fraud on the part of X Corp.[3] Nevertheless, John Doe persisted in threatening his confidential relationship with his client. On that ground, we affirmed Judge Ellis' issuance of injunctive relief against John Doe.
 
 
 7
 Whatever the scope of the "established public policy" exception to at-will termination is, clearly it does not reach the dismissal of counsel who, in the end, was successfully enjoined by his client. It is apparent that there is no established public policy which, on the one hand, would prevent a lawyer from willingly abrogating the confidential relationship with his client, but which would, on the other, allow the counsel to prosecute a wrongful termination suit arising out of the same context and against the same client. Whether or not the "established public policy" exception applies, we find that Judge Cacheris' 12(b)(6) dismissal was proper.
 
 Judgment is accordingly
 
 8
 AFFIRMED.
 
 
 
 [1]
 We assume arguendo that the exception extends to federal public policy and is not limited solely to Commonwealth of Virginia policy
 
 
 [2]
 The government returned approximately 4,000 pages supplied to it, pending the final outcome of the wrongful discharge counter-claim. Such final outcome has been one of victory for X Corp., Under Seal v. Under Seal, No. 93-1495 (4th Cir. Feb. 23, 1994), it being there held demonstrated that no reasonable attorney would believe that John Doe held information clearly establishing fraud on the part of X Corp
 
 
 [3]
 In neither of the disputes between the two litigants do we take a position on whether X Corp. actually committed fraud